**Carlos A. MENA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73332.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., James E. Grimes, Esq., Linda S. Wernery, Esq., Cindy S. Ferrier, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM [**]

Carlos A. Mena, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo due process challenges, *Lopez–Urenda v. Ashcroft*, 345 F.3d 788, 791 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

Mena contends that the IJ denied him due process by refusing to permit his only qualifying relative to testify as to exceptional and extremely unusual hardship. The record reflects that Mena testified extensively as to hardship to his qualifying relative, and Mena fails to identify any additional information his qualifying relative would have provided. Mena therefore cannot show that the IJ's decision caused him prejudice. *Cf. Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000).

We lack jurisdiction to consider Mena's contentions concerning judicial bias and the denial of his right to counsel be-

cause Mena failed to raise these issues before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Mena's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

